**Shaka Zulu ACOOLLA, Plaintiff,**

v.

**Ron ANGELONE, et al., Defendant(s).**

No. CIV.A.7:01–CV–01008.

United States District Court,
W.D. Virginia,
Roanoke Division.

Jan. 8, 2002.

Shaka Zulu Acoolla, Dillwyn, VA, pro se.

## MEMORANDUM OPINION

TURK, District Judge.

This matter is before the court upon two letters from plaintiff Shaka Zulu Acoolla, which the court construes as motions for interlocutory injunctive relief. Upon review of the record, the court finds that both motions must be denied.

In the first letter/motion, Acoolla complains that the prison where he is housed refuses to supply him with free legal materials every week, in addition to the legal packet that all indigent prisoners receive. A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. *Wetzel v. Edwards*, 635 F.2d 283 (4th Cir.1980), citing *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co.*, 550 F.2d 189, 195 (4th Cir.1977). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir.1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

Under these principles, the court cannot find from Acoolla's allegations that he is entitled to a preliminary injunction directing prison officials to provide him with additional, free legal materials. The

mere fact that he has chosen to pursue four lawsuits at one time does not require prison officials to alter the amount of free materials to be provided to him. Indeed, he has not demonstrated any specific harm that he will suffer in any of these four lawsuits in the absence of the interlocutory injunctive relief requested. He may request, and most courts freely grant, a motion for extension of time if he has inadequate legal materials to complete a response by the set deadline. Accordingly, the court will deny his motion. Moreover, inasmuch as he fails to demonstrate any harm he has suffered or will suffer in pursuing his litigation efforts as to nonfrivolous claims, the court also will not construe his motion as one to amend his complaint to add claims that officials are impeding his right to access the courts. *See Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

■■■ In his second letter/motion, Acoolla alleges that some of his mail from the court was opened when prison officials delivered it to him. He believes that opening of his mail outside his presence violates a constitutionally protected right; he asks the court to instigate an investigation. The court finds no constitutional problem with prison officials' alleged actions. *See Altizer v. Deeds,* 191 F.3d 540 (4th Cir.1999)(policy allowing opening and inspecting of inmate's mail does not violate the First Amendment as court can conceive of legitimate security interests furthered by such policy). As Acoolla thus does not demonstrate any likelihood that he will succeed on any claim related to the opening of his legal mail, he is not entitled to interlocutory injunctive relief. Because he has not alleged facts stating any claim that his constitutionally protected rights have been, or will be, violated, the court also will not construe this motion as an amendment to his compliant, pursuant to 42 U.S.C. § 1983. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and order to plaintiff and to counsel of record for the defendant(s).

### *ORDER*

In accordance with the memorandum opinion entered this day, it is hereby

### ORDERED

that plaintiff's letter/motions for interlocutory injunctive relief related to access to additional legal materials and to the alleged opening of his legal mail shall be and hereby are **DENIED.**

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to plaintiff and to counsel of record for the defendant(s).